

RECEIVED
MAY - 7 2012
CLERK, U.S. DISTRICT COURT
RICHMOND, VA.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

FILED
MAY 1 0 2012
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

|  |  |
|---|---|
| SUNTRUST MORTGAGE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SECURITY FIRST BANK, | ) |
| | ) |
| Defendant. | ) |

Case No. 3:11-cv-704

**ORDER FOR THE PRODUCTION AND**
**EXCHANGE OF CONFIDENTIAL INFORMATION**

WHEREAS, the plaintiff, SunTrust Mortgage, Inc. ("SunTrust") and the defendant, Security First Bank ("Security First"), are parties to the above-captioned litigation (the "Litigation");

WHEREAS, discovery may involve the production of certain information and documents that contain non-public personal information, including personally identifiable financial information relating to borrowers and/or consumers (such as individuals' Social Security numbers, credit card and bank account numbers, employment information and salary data and other highly personal financial information) and/or documents or data which may constitute "consumer reports," as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq., as well as information relating to confidential or sensitive business matters, trade secrets, or other proprietary or financial information;

THEREFORE, the terms of this Order being agreed to by counsel for the parties, it is hereby STIPULATED, AGREED AND ORDERED that the following restrictions and procedures shall apply to certain information, testimony, documents and excerpts from

1

documents supplied by the parties to each other in response to discovery requests, or by third-parties in response to a subpoena or a subpoena *duces tecum:*

1.  "Document." When used in this Order, the term "document" means all writings, drawings, graphs, charts, recordings, computer disks and tapes, electronically stored information, audiotapes, videotapes, and any other documents as defined in Rule 34 of the Federal Rules of Civil Procedure.

2.  "Material." When used in this Order, the term "material" means any document, any answer to any interrogatory or other discovery request in this action, any portion of any deposition (including deposition exhibits) in this action, and any other information produced, given, or filed in this action.

3.  "Confidential Information." When used in this Order, the term "Confidential Information" means: non-public financial information; personally identifiable financial information relating to borrowers and/or consumers, ; consumer reports; and documents containing confidential, proprietary, or trade secret knowledge or information, including, but not limited to, trade secrets, technical research, and development information.

4.  "Confidential Material." When used in this Order, the term "Confidential Material" shall have the same meaning as "Confidential Information."

5.  Exclusions. Confidential Information shall not include:

    a.  Any information that is properly in the public domain at the time of disclosure or thereafter comes into the public domain (other than by breach of this Order or any other confidentiality agreement or obligation); or

    b.  Any information which is disclosed to any party in good faith by a third party not affiliated with or employed by any party, who has the legal right to

make such disclosure.

6.    Counsel for any party may designate material produced in the course of discovery as "Confidential Information" if counsel determines, in good faith, that such designation is in accordance with this Order and necessary to protect the interests of the client. Information and documents may be designated as "Confidential Information" by writing, typing or stamping "CONFIDENTIAL" on the face of any materials upon their initial production to the opposing party. Alternatively, the producing party may designate materials as "Confidential Information" by written notice to opposing counsel by setting forth a description of all materials to be designated as "CONFIDENTIAL."

7.    Unless otherwise ordered by the Court, or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

8.    Confidential Information shall be held in confidence and shall not be disclosed in any manner, in any form, to any person, entity, or judicial tribunal other than:

a.    This Court or a court with appellate jurisdiction;

b.    Counsel for the parties retained in or working on this action, including co-counsel;

c.    Employees of such counsel;

d.    The parties in this action and their employees, to the extent deemed necessary by counsel for that party for the prosecution, defense, or settlement of this action;

e.    Witnesses or prospective witnesses and their counsel in this action;

f.      Stenographic reporters engaged in such proceedings as are necessarily incident to the preparation or trial of this action;

g.      Consultants and experts retained by the parties or their counsel to assist in the prosecution, defense, or settlement of this action;

h.      Any arbitrator, mediator, or case evaluator; and

i.      By order of any Court of competent jurisdiction.

9.      If any Confidential Material is filed with the Court, attached to any papers filed with the Court, or quoted in a pleading filed with the Court, the Confidential Material shall be marked "CONFIDENTIAL" and such Confidential Material and pleading shall be filed under seal. If Confidential Material is used during a deposition of a witness in this action, the Confidential Material shall be marked "CONFIDENTIAL" and the portion of the record or transcript in which Confidential Material is recited or made an exhibit thereto shall be deemed Confidential Material under this Order. Filing under seal shall be accomplished by enclosing the "CONFIDENTIAL" material and/or pleadings in sealed envelopes bearing the inscription "Filed under seal pursuant to Order of the Court. To be opened only by the Court or at its direction."

10.     Nothing herein shall restrict the presentation of any evidence to the Court at trial or any other hearing in this action; provided that such presentation shall not constitute a waiver of any restriction contained in this Order, and the parties shall take reasonable steps to maintain the confidentiality of Confidential Material at trial or any other hearing in this action in such manner as the Court may direct.

11.     Counsel for the parties shall note for the record at the time a deposition is being

taken, those portions of the testimony being preserved upon the record which said

counsel wishes to be designated as "CONFIDENTIAL." Counsel for the parties

shall have ten (10) days after receiving the transcript of depositions to designate,

on a page and line basis, any other portions of the transcript that were not so

marked as "CONFIDENTIAL" at the time the deposition was taken.

12.     Should the parties object to the designation of materials as "CONFIDENTIAL,"

counsel shall give written notice of such objection to all opposing counsel.

Counsel shall then confer to attempt to resolve such objections. If no resolution is

reached, counsel for the objecting party may apply to this Court for a ruling

whether the material in question should be treated as "CONFIDENTIAL" under

this Order. The material in question shall be treated as "CONFIDENTIAL" under

this Order until this Court rules otherwise.

13.     If Confidential Material is disclosed to any person other than one entitled to

disclosure under this Order by those persons set forth above, the party or counsel

responsible for the disclosure shall immediately upon learning of such disclosure

inform counsel for the parties of the pertinent facts relating to such disclosure and

shall make every effort to prevent further disclosure by the unauthorized person.

Notwithstanding the foregoing, counsel of record are responsible for employing

reasonable measures to control, consistent with the terms of this Order,

duplication of, access to and distributions of confidential information or

documents under the terms of this Order.

14.     Dissemination to any individuals, other than the persons identified in paragraph

8(a), (b), (c), and (d) shall occur only after such person has signed an

Acknowledgment in substantially the same form as Attachment A to this Order stating that he/she (i) has read this Protective Order; (ii) has discussed it with counsel for the party who has retained said individual or is making such disclosure or with independent counsel; and (iii) agrees to be bound by this Protective Order. The Acknowledgment shall be signed by the person to whom the Confidential Material will be disseminated and a copy of the Acknowledgment shall be maintained by counsel obtaining such signature and making such disclosure, as well as delivered to all counsel to the parties.

15.   The terms of this Order shall not terminate at the conclusion of this action. Upon the written request by counsel for the Party who disclosed Confidential Material pursuant to this Order, the person who received such Confidential Material and all copies made thereof, other than those filed with the Court, shall return such Confidential Material to counsel for the Party making the request, or by agreement of counsel, such Confidential Material may be destroyed by the person who received it. This obligation extends to all copies of confidential documents in the possession, custody and control of persons set forth above to whom copies of confidential documents have been disclosed or distributed Any such destruction shall be confirmed in writing by the person who received such Confidential Material to counsel for the Party who disclosed such Confidential Material. No request for the return or destruction of Confidential Material shall be made until after the entry of a final order in this case and after this case is no longer subject to appeal pursuant to the Federal Rules of Appellate Procedure.

16.   The production or disclosure during discovery of a document or information protected by the attorney-client privilege, attorney work product doctrine, or other privilege ("Protected Material") shall not be deemed a waiver of the privilege, work product, or other protection or immunity from discovery by the producing

party in this or any subsequent state or federal proceeding.  If any party becomes aware of the production of Protected Material by any party, the party shall provide written notice of such production.  Within three (3) business days of receipt of notice by any party that Protected Material was produced or disclosed, sufficiently identified by Bates number or other method to enable its identification, all recipients of the Protected Material shall collect all copies or reproductions thereof and either segregate them to protect them from use, or, if requested, return them to the producing party and shall delete such material from any medium.  In addition, the recipients shall collect all notes or other work product that summarize, discuss, or quote the contents of such Protected Material, which shall then be segregated and destroyed, unless the protected nature of the production is disputed.  If the recipient disputes the protected nature of the Protected Material, then the recipient shall so notify the producing party in writing at the time the documents, information, and materials are segregated or returned to the producing party, or within a reasonable time thereafter.  If the dispute cannot be resolved after conferring in good faith with the producing party, the recipient may promptly file a motion with the Court to compel production of such documents, information, and materials, attaching the information at issue, under seal.  The producing party shall have the burden of demonstrating the protected nature of the Protected Material.  The producing party must retain the information until the claim is resolved.  If the protected nature of the Protected Material is upheld, the receiving party shall return or destroy the Protected Material and all notes or other work product that summarize, discuss, or quote the contents of the Protected

Material.  The parties intend that this provision provides all the protections afforded by Federal Rule of Evidence 502.

17.    This Order contemplates that the parties shall continue to resolve confidentiality issues by agreement of counsel not inconsistent with this Order.

18.    The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Confidential Information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order. The fact that a party entered into this Order may not be raised as a defense to or argument against any such motion.

IT IS SO ORDERED, this the _10th_ day of May, 2012.

_____/s/_____

James R. Spencer
United States District Judge

We ask for this:

Kevin J. Funk (VSB No. 65465)
    kfunk@durrettecrump.com
DurretteCrump, PLC
Bank of America Center
1111 East Main Street, 16th Floor
Richmond, Virginia  23219
Telephone:  (804) 775-6900
Facsimile:  (804) 775-6911
    _Counsel for Security First_

Robert D. Perrow (VSB No. 14766)
J.P. McGuire Boyd, Jr. (VSB No. 72753)
Steven P. Gould (VSB No. 80411)
Williams Mullen
P.O. Box 1320
Richmond, Virginia 23218-1320
Telephone: 804.420.6000
Facsimile: 804.420.6507
Email: bperrow@williamsmullen.com
Email: mboyd@williamsmullen.com
Email: sgould@williamsmullen.com
*Counsel for SunTrust Mortgage, Inc.*

17864636_2.DOC